UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                         :
OFFICIAL COMMITTEE OF              :       CASE NO. 5:06-MC-113
UNSECURED CREDITORS OF AIR     :       BANKRUPTCY CASE NO. 05-52467
ENTERPRISES, INC.,                      :
                                                         :       JUDGE JAMES S. GWIN
                    Plaintiff,               :
                                                         :       OPINION AND ORDER
vs.                                                  :       [Resolving Doc. No. 1]
                                                         :
DOROTHY GAFFNEY, et al.,         :
                                                         :
                    Defendants.           :
                                                         :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the unopposed Motion for Withdrawal of Bankruptcy Reference of Plaintiff Official Committee of Unsecured Creditors of Air Enterprises, Inc. [Doc. 1.]  For the reasons set forth below, the Court **GRANTS** the Motion for Withdrawal of Bankruptcy Reference.

**I. Background**

On October 24, 2006, Plaintiff filed a Complaint against Defendants Dorothy Gaffney and Edward Gaffney, Jr. alleging claims of negligence, breach of fiduciary duty, corporate waste, and deepening insolvency.  On November 8, 2006, Plaintiff filed a Motion for Withdrawal of Bankruptcy Reference, specifically requesting that the reference to adversary proceeding 06-5211 be withdrawn from the Bankruptcy Court and immediately transferred to this Court pursuant to 28 U.S.C. § 157 and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

Plaintiff argues that cause for the immediate withdrawal of the reference to this adversary proceeding exists on two independent and sufficient grounds.  Initially, Plaintiff says that it has a

-1-

Case No. 5:06-MC-113
Gwin, J.

right to a jury trial and has made a jury demand. Plaintiff argues that its refusal to consent to a jury trial conducted before the Bankruptcy Court establishes cause for withdrawal of the adversary proceeding. Secondly, Plaintiff argues that this matter is a non-core proceeding. As such, the Plaintiff says the Bankruptcy Court cannot render a final order on the claims asserted without all parties' consent. The Plaintiff denies that the Bankruptcy Court has such consent.

## II. Legal Standard

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Bankruptcy Code does not define "cause." Consequently, courts developed a non-exhaustive list of factors to consider in determining whether cause exists. These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Group)*, 4 F.3d 1095, 1101-02 (2d Cir. 1993). "If one or more of these factors is present, the court may find that cause exists to withdraw the reference." *U.S. v. Kaplan*, 146 B.R. 500, 504 (D. Mass. 1992). The moving party bears the burden of demonstrating that the reference should be withdrawn. *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996).

With regard to Plaintiff's refusal to consent to a jury trial before the Bankruptcy Court, the Bankruptcy Code does not authorize a bankruptcy judge to conduct jury trials absent special

Case No. 5:06-MC-113
Gwin, J.

designation pursuant to 28 U.S.C. § 157 and the consent of the parties. 28 U.S.C. § 157(e). *See also In Re Midgard Corp.,* 204 B.R. 764, 778 n.18 (B.A.P. 10th Cir. 1997). Specifically, 28 U.S.C. § 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

Likewise, the Northern District of Ohio authorizes its bankruptcy judges to conduct jury trials with the consent of all parties. Local Bankr. R. 9015-2(a).

The Seventh Amendment provides for the right to a trial by jury: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of common law." U.S. CONST. amend. VII. In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989), the Supreme Court established the following test to determine if one is entitled to a jury trial under the Seventh Amendment:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a fact finder.

"'Cause' to withdraw the reference automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment." *Peachtree Lane Assocs., Ltd. v. Granader*, 175 B.R. 232, 235 (N.D. Ill. 1994) (quoting *In re Americana Expressways, Inc.* 161

-3-

Case No. 5:06-MC-113
Gwin, J.

B.R. 707, 709 (D. Utah 1993)).

With regard to Plaintiff's argument that the instant matter constitutes a non-core proceeding, 28 U.S.C. § 157(b)(3) requires that "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding." A court "considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101. A non-core proceeding has four characteristics: (1) it is not specifically identified as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would continue to exist independent of the provisions of Title 11; and (4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case. *In re Hughes-Bechtol*, 141 B.R. 946, 948-49 (Bankr. S.D. Ohio 1992).

### III. Analysis

Plaintiff's claims within the instant adversary proceeding include negligence, breach of fiduciary duty, corporate waste, and deepening insolvency. Each of these claims arises under state law. Likewise, Plaintiff seeks money damages from the defendants, rendering this matter an action at law not equity. Generally, the Seventh Amendment provides a right to a jury trial for actions at law. *See In re Rodgers & Sons, Inc.*, 48 B.R. 683, 688 (Bankr. D. Okla. 1985) ("this Court follows the line of cases that determine entitlement to jury trial by whether the cause of action lies in equity or is brought at law"). Given that Plaintiff has established a right to a jury trial, filed a jury demand and refused consent to a jury trial before the Bankruptcy Court, the Court finds that "cause" exists

Case No. 5:06-MC-113
Gwin, J.

to withdraw the reference.

In addition, the Court would find that the instant matter constitutes a non-core proceeding. However, as the bankruptcy judge has never rendered a decision on this matter, the issue is not properly before the Court at this time. 28 U.S.C. § 157(b)(3). *See also In re Rivera*, 2005 U.S. Dist. LEXIS 23304, at *11 (N.D. Ohio Oct. 12, 2005) ("the question of whether an adversary proceeding is a core proceeding should initially be decided by the bankruptcy court"). Nevertheless, Plaintiff's right to a jury trial, jury demand and refusal to consent to a jury trial before the Bankruptcy Court demonstrate independent and sufficient "cause" to withdraw the reference of the adversary proceeding.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Withdrawal of Bankruptcy Reference and orders the reference to adversary proceeding 06-5211 be withdrawn from the Bankruptcy Court and immediately transferred to this Court pursuant to 28 U.S.C. § 157 and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.


Dated: January 17, 2007                    s/         *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE